UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOYER, | No. 2:24-cv-1866 DJC AC |
| Plaintiff, | |
| v. | ORDER |
| NOVO NORDISK INC., | |
| Defendant. | |

This matter is before the court on plaintiff's motion for a protective order against defendant's third-party subpoena issued to Intuitive Surgical, Inc. ECF No. 28. This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement (ECF No. 28-1) and the matter was submitted on the papers. ECF No. 29. For the reasons stated below, the court DENIES plaintiff's motion.

## I.   Relevant Background

This action involves claims of disability discrimination, age discrimination, and retaliation in violation of the Fair Employment and Housing Act, Cal. Gov. Code § 12940 et seq. ("FEHA"), retaliation for protected whistleblower activities in violation of Cal. Labor Code § 1102.5, and wrongful termination in violation of public policy. ECF No. 22 (operative First Amended Complaint, "FAC"). The FAC alleges that plaintiff was employed by defendant Novo Nordisk and is a person with type 1 diabetes. ECF No. 22 at 3. Plaintiff alleges that he suffered

1

1   age and disability discrimination at Novo Nordisk, and when he complained about the
2   discrimination and other violations of law by Novo Nordisk, the company retaliated, ultimately
3   terminating plaintiff's employment. Id. at 4.
4       Plaintiff was subsequently employed by Intuitive Surgical, Inc. ECF No. 28-1 at 2.
5   Plaintiff produced to defendant "an email showing when he applied for the position; an interview
6   request; the separation agreement; various emails between Plaintiff and Intuitive Surgical, Inc.;
7   and an IRS Form W2 evidencing his compensation." Id. at 2-3. Defendant issued a Fed. R. Civ.
8   P. 45 subpoena to Intuitive Surgical seeking plaintiff's personnel file. ECF No. 28-2. Plaintiff
9   moves for a protective order preventing Intuitive Surgical from responding to the subpoena. ECF
10  No. 28.

11              **II.     Analysis**

12      Federal Rule of Civil Procedure 45 allows a party to a lawsuit to serve a subpoena that
13  commands a non-party to "produce documents, electronically stored information, or tangible
14  things ..." Fed. R. Civ. P. 45(a)(1)(C). "Under Rule 45, the nonparty served with the subpoena
15  duces tecum may make objections to the subpoena . . . [but only] the [nonparty] can prevent
16  disclosure by objection. The party to whom the subpoenaed records pertain cannot simply object.
17  Rather, a protective order or motion to quash the subpoena is required." McCoy v. Sw. Airlines
18  Co., 211 F.R.D. 381, 384 (C.D. Cal. 2002).
19      Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders and states
20  they should be granted when the moving party establishes "good cause" for the order and "justice
21  requires [a protective order] to protect a party or person from annoyance, embarrassment,
22  oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c). "For good cause to exist, the
23  party seeking protection bears the burden of showing specific prejudice or harm will result if no
24  protective order is granted." Phillips v. General Motors Corp., 307 F.3d 1206, 1210–11 (9th
25  Cir.2002); Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.), cert. denied,
26  506 U.S. 868 (1992). "Broad allegations of harm, unsubstantiated by specific examples or
27  articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Industries, 966 F.2d at 476
28  (internal quotations marks omitted).

1    Plaintiff contends that a protective order should be issued because the subpoena is
2 "cumulative, duplicative, irrelevant, meant to harass and is a fishing expedition." ECF No. 28-1
3 at 2. Plaintiff asserts that he has already provided defendant with discovery related to his
4 employment with Intuitive Surgical, Inc. going to mitigation of damages – which defendant is
5 admittedly entitled to discover. Id. at 2. Defendant argues that it needs the entire personnel file
6 because plaintiff was terminated from Intuitive Surgical less than three months after he began
7 employment there, and records regarding his performance may be relevant to Novo Nordisk's
8 claims that plaintiff was terminated for performance related reasons and not for discriminatory
9 reasons. Id. at 6-7. Plaintiff argues that he will be harmed by the discovery because he is a
10 "high-earning professional working in the health business sector, an industry where job
11 opportunities are largely obtained through word-of-mouth rather than formal applications" and
12 many organizations in this industry "have no knowledge of this lawsuit." Id. at 4. Plaintiff
13 contends that if Intuitive Surgical is ordered to produce the requested documents, Intuitive
14 Surgical's counsel will "necessarily need to consult with employees of Intuitive Surgical . . . and
15 the disclosure of this lawsuit . . . could trigger the spread of information regarding the current
16 lawsuit severely damaging his professional reputation and ability to continue working in this
17 insular field." Id. at 4.

18    Plaintiff's motion must be denied because he has not demonstrated that there is any risk of
19 harm if Intuitive Surgical responds to the Rule 45 subpoena. Plaintiff's only allegation of harm is
20 that, if the protective order does not issue, individuals in his specialized field of employment will
21 learn about this lawsuit and that knowledge of this lawsuit will damage his professional
22 reputation. This rationale is entirely unpersuasive. Plaintiff filed this lawsuit, and it exists in the
23 public sphere whether Intuitive Surgical is required to produce plaintiff's employment records or
24 not. Plaintiff has no right to privacy regarding the existence of this lawsuit. Plaintiff has
25 identified no other expected to result from Intuitive Surgical's response to the Rule 45 subpoena.

26    The court notes that privacy concerns related to any sensitive information contained in the
27 personnel file are addressed by the stipulated protective order already in place in this action,
28 which specifically references personnel records. ECF No. 24 at 6. Accordingly, no protective

order will issue with respect to the Rule 45 subpoena.

### III.     Conclusion

For the foregoing reasons, plaintiff's motion for a protective order (ECF No. 28) is DENIED. It is so ordered.

DATED: February 27, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE