UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOYER, | No. 2:24-cv-01866-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| NOVO NORDISK INC., | |
| Defendant. | |

Plaintiff Thomas Boyer has sued Defendant Novo Nordisk, alleging discrimination, whistleblower retaliation, and wrongful termination. Fact discovery closed on May 15, 2025. (*See* ECF No. 40.) Plaintiff has now filed a Motion to Reopen Discovery and Compel Production.[1] (ECF No. 43.) Therein, Plaintiff argues that based on a contract that Defendants disclosed after the discovery cutoff, the Court should reopen fact discovery and permit Plaintiff to conduct additional depositions and compel production of certain documents.

Federal Rule of Civil Procedure 16(b) states that the court must issue a scheduling order that limits "the time to join other parties, amend the pleadings,

---

[1] The briefing on the Motion is filed in the form of a Joint Statement of Discovery Disagreement. While this is not typical for a motion to reopen discovery, the parties' positions and arguments are well explained within this joint statement.

1

complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once established, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Plaintiff has not established good cause to modify the scheduling order to reopen discovery. The Ninth Circuit has instructed that district courts consider six factors when ruling on a motion to modify a scheduling order to reopen discovery:

    1) whether trial is imminent
    2) whether the request is opposed,
    3) whether the non-moving party would be prejudiced,
    4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court,
    5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and
    6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, these factors weigh against reopening discovery. *First*, the request is opposed by Defendant. *Second*, Defendant would be prejudiced as they would need to make deponents available for additional depositions and potentially be forced to

delay ongoing summary judgment briefing.  *Third*, Plaintiff's diligence was mixed.  While Plaintiff sought the contract that prompted this request before the discovery deadline, Plaintiff never sought to compel production before fact discovery closed.  *Fourth*, related to the prior point, it was foreseeable that disclosure of that contract would necessitate further discovery.  *Fifth*, it does not appear likely that further discovery will lead to relevant evidence.  Plaintiff contends that the information "is relevant to show that after Plaintiff complained, and Defendant Novo Nordisk ignored his complaints and concerns . . . ."  (ECF No. 43-1 at 6.)  However, Plaintiff does not explain how information such as invoices, draft contracts, and all communications between Defendant and a third party would help to establish these facts, nor does Plaintiff explain how additional deposition testimony would be helpful in this regard.

The only factor that weighs in Plaintiff's favor is the imminence of trial, which is presently not scheduled until April 20, 2026.  But this only weighs weakly in Plaintiff's favor, given that dispositive motion practice has already begun, and the other factors discussed above all weigh against reopening discovery.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen Discovery and Compel Production (ECF No. 43) is DENIED.

IT IS SO ORDERED.

Dated:  **October 1, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3